**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS FEDERICO CORDOVA-PONCE,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>Respondent. | No. 17-73286<br><br>Agency No. A208-269-851<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Carlos Federico Cordova-Ponce, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the BIA's denial of asylum because Cordova-Ponce failed to establish that he was or would be targeted by gang members on account of a protected ground.  *See Madrigal v. Holder*, 716 F.3d 499, 504 (9th Cir. 2013) (active duty military members do not constitute a social group for asylum purposes); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group") (emphasis in original).  In the absence of a nexus to a protected ground, Cordova-Ponce's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Cordova-Ponce failed to establish that it is more likely than not that he will be tortured by or with the consent or acquiescence of the government of El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime was insufficient to establish CAT eligibility); *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (despite "troubling country reports," evidence did not compel the conclusion that it was more likely than not that the petitioner would be tortured upon return), *abrogated on other*

*grounds by Guerrero v. Whitaker*, No. 15-72080, 2018 WL 5852651 (9th Cir. Nov. 9, 2018).

**PETITION FOR REVIEW DENIED.**